UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION


UNITED STATES OF AMERICA,        ) CASE NO: 6:17-CR-00039-RC-JDL-5
                                 )
                 Plaintiff,      )           CRIMINAL
                                 )
        vs.                      )         Tyler, Texas
                                 )
HUGO PINEDA,                     )  Wednesday, November 29, 2017
                                 )
_____Defendant._____)    (2:03 p.m. to 2:33 p.m.)


CHANGE OF PLEA HEARING

BEFORE THE HONORABLE JOHN D. LOVE,
UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For Plaintiff:              ALLEN HURST, ESQ.
                           U.S. Attorney's Office
                           110 N. College Ave., Suite 700
                           Tyler, TX 75702


For Defendant:             REYNALDO P. MORIN, ESQ.
                           320 North St., Suite 308
                           Nacogdoches, TX 75961


Interpreter:               Luis Garcia

Deputy Clerk/ECRO:         S. Baum

Transcribed by:            Exceptional Reporting Services, Inc.
                           P.O. Box 18668
                           Corpus Christi, TX 78480-8668
                           361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1          <u>**Tyler, Texas; Wednesday, November 29, 2017; 2:03 p.m.**</u>

2          **(Official Interpreter Utilized For Translation)**

3                          **(Call to order)**

4          **THE COURT:**  Please be seated.  Ms. Baum, call the

5     case.

6          **THE CLERK:**  Court calls Case 6:17-cr-39, *United*

7     *States of America versus Hugo Pineda.*

8          **THE COURT:**  Announcements.

9          **MR. HURST:**  Good afternoon, your Honor.  On behalf of

10    the Government, Allen Hurst, Assistant United States Attorney.

11    We're ready to proceed on what we believe will be a change of

12    plea to Count Eleven of the indictment.  And we filed the

13    paperwork with the Court.

14         **THE COURT:**  All right, thank you.

15         **MR. MORIN:**  Good afternoon, your Honor, Reynaldo

16    Morin for (indisc.)

17         **THE COURT:**  All right, thank you.  Mr. Morin, I

18    believe this -- we do have a written plea agreement here.

19         **MR. MORIN:**  We do, your Honor.

20         **THE COURT:**  All right.  Well, Mr. Pineda, I'm going

21    to first place you under oath so I can ask you some questions

22    about your intention to plead guilty.  So I know you're

23    listening in by phone through the interpreter, but if you

24    would, raise your hand?  You can raise your left hand or

25    switch, it doesn't matter, raise either hand if you would, and

1   Ms. Baum will swear you in.

2       **(Defendant sworn)**

3          **THE COURT:**  All right.  And as I mentioned, we have

4   Mr. Luis Garcia, who is the Eastern District staff interpreter,

5   interpreting for us today on the phone.  Mr. Pineda, let me

6   tell you as we proceed here today, that you're listening to the

7   translation of what's going on here by phone.  And if you need

8   to speak to me, in other words you need me to stop asking you

9   questions and you want to ask me a question, you can tell

10  Mr. Garcia on the phone that you'd like to do that.  Or you can

11  tell Mr. Garcia on the phone that you would like to stop and

12  ask Mr. Morin a question, your attorney.  So you understand

13  that you do have that ability to do that?

14          **THE DEFENDANT:**  Yes.

15          **THE COURT:**  All right.  Next, Mr. Pineda, let me ask

16  you, do you understand that you were previously placed under

17  oath, and if you answer any of the questions asked of you today

18  falsely, those answers may later be used against you in a

19  prosecution for perjury or making a false statement?

20          **THE DEFENDANT:**  Yes.

21          **THE COURT:**  Has your attorney explained to you that

22  you have the right to have your plea taken by a United States

23  District Judge?

24          **THE DEFENDANT:**  Yes.

25          **THE COURT:**  Is it your desire to waive your right to

4

1    proceed before a district judge and have your plea taken by me,

2    a United States Magistrate Judge?

3              **THE DEFENDANT:**  Yes.

4              **THE COURT:**  Do you understand that your plea is

5    subject to approval and final acceptance by a U. S. District

6    Judge, and sentencing will be conducted by a U. S. District

7    Judge?

8              **THE DEFENDANT:**  Yes.

9              **THE COURT:**  All right, Mr. Pineda, I want you to look

10   then at a form I have here.  I want you to look at this with

11   Mr. Morin.  And this can be translated for you.  It just tells

12   me in writing what you just indicated to me verbally, that is

13   you're agreeing to have me take your plea.  So look that over

14   with your attorney.  It can be translated for you by our

15   interpreter.  And you can sign that.

16             **THE DEFENDANT:**  Okay.

17        **(Pause)**

18             **THE COURT:**  All right, thank you.  The record reflect

19   that the Defendant and his attorney have signed the consent

20   form that I've just gone over.  Mr. Pineda, I'm now going to

21   ask you some questions that illicit a little bit of background

22   information.  So if you could first tell me your full name.

23             **THE DEFENDANT:**  Hugo Ramirez Pineda.

24             **THE COURT:**  And how old are you?

25             **THE DEFENDANT:**  Twenty years old.

5

1          THE COURT:  And how far did you go in school?

2          THE DEFENDANT:  Ninth grade.

3          THE COURT:  All right, can you read and write?

4          THE DEFENDANT:  Yes.

5          THE COURT:  All right.  Mr. Pineda, any severe

6   physical pain or illness that you're experiencing today?

7          THE DEFENDANT:  No.

8          THE COURT:  Have you ever been treated for any mental

9   illness?

10          THE DEFENDANT:  Well, I've had surgery.

11          THE COURT:  Okay.  Are you currently under the

12   influence of any medication?

13          THE DEFENDANT:  Are you asking whether I need

14   medicine?

15          THE COURT:  No, just have you taken any medication

16   today for anything, headache, any pain, anything like that?

17          THE DEFENDANT:  Oh, no, no, no.

18          THE COURT:  All right.  Mr. Pineda, do you feel that

19   you've understood -- that you have understood what has happened

20   in your case leading up to today?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Do you also feel that you are

23   understanding what you are doing here today in court, that is

24   you're here in court today to plead guilty?

25          THE DEFENDANT:  Yes.

1          **THE COURT:**  All right.  Well, as I mentioned at the

2     outset of the hearing, Mr. Pineda, if you feel that you need

3     further explanation about any part of these proceedings, you

4     can let Mr. Garcia on the phone know, you can ask me a

5     question, or I can let you privately consult with your

6     attorney, okay?

7          **THE DEFENDANT:**  Okay, very well.

8          **THE COURT:**  All right.  Mr. Morin, I want to ask you

9     a question now.  I want to ask if you believe the Defendant

10    does possess the requisite mental and intellectual capacity to

11    understand these proceedings and to enter a knowing and

12    voluntary plea of guilty?

13         **MR. MORIN:**  Yes, your Honor.  I've had numerous

14    discussions with Mr. Pineda and there's no doubt in my mind

15    that he understands what's going on, and he is competent at

16    this time.

17         **THE COURT:**  And, Mr. Morin, obviously Mr. Pineda

18    speaks Spanish.  How has your representation proceeded with

19    Mr. Pineda being a Spanish speaker?

20         **MR. MORIN:**  Your Honor, I'm fluent in Spanish.  And

21    all of the documents that I have been furnished with, I have

22    translated every one of these.  And then I have gone through it

23    page-by-page, explained all of the legal terms to him, in a way

24    and a fashion which I know he understands what we have been

25    discussing.

7

1          **THE COURT:**  All right, thank you.   Mr. Pineda, are

2     you satisfied with your attorney's representation?

3          **THE DEFENDANT:**  Yes.

4          **THE COURT:**  Did you receive a copy of the indictment

5     that is pending against you?

6          **THE DEFENDANT:**  Yes, I've seen it.

7          **THE COURT:**  Did you fully discuss the charges in the

8     indictment and the facts of your case with your attorney?

9          **THE DEFENDANT:**  Yes.

10         **THE COURT:**  After discussing this case with your

11     attorney, is it your desire to plead guilty?

12         **THE DEFENDANT:**  Yes

13         **THE COURT:**  All right, Mr. Pineda, I can have the

14     Government read the indictment to you as part of these

15     proceedings today, or you can waive the reading if you do not

16     need it read.

17         **THE DEFENDANT:**  Yes.

18         **THE COURT:**  Would you like to have the indictment

19     read, Mr. Pineda?

20         **THE DEFENDANT:**  No, it is not necessary.

21         **THE COURT:**  All right, Mr. Pineda, as mentioned at

22     the outside of the hearing today, I understand that you intend

23     to enter a plea of guilty to Count Eleven of the indictment.

24     This count charges you with a -- with violations of Title 21,

25     United States Code, Section 841(a)(1) and 18 USC Section 2,

1  which is manufacture and possession with intent to manufacture

2  and distribute 100 or more of marijuana plants and aiding and

3  abetting.  Do you understand that is what you're charged with

4  in Count Eleven of the indictment?

5          **THE DEFENDANT:**  Yes.

6          **THE COURT:**  The range of punishment for that offense

7  is imprisonment for a period not less than five years and not

8  to exceed 40 years; a fine not to exceed $5 million, or twice

9  any pecuniary gain to the Defendant or loss to the victim; a

10  term of supervised release of at least four years which may be

11  mandatory and will follow any term of imprisonment; a mandatory

12  special assessment of $100; and costs of incarceration and

13  supervision.  Do you understand that is the range of punishment

14  for the offense charged in Count Eleven?

15          **THE DEFENDANT:**  Yes.

16          **THE COURT:**  All right, I'm going to turn my attention

17  next to the plea agreement addendum which has been submitted to

18  the Court today under seal.  And first of all, with regard to

19  this addendum, Mr. Morin, have you reviewed the contents of it

20  with your client, Mr. Pineda?

21          **MR. MORIN:**  I have, your Honor.

22          **THE COURT:**  Do you believe he understands the

23  contents?

24          **MR. MORIN:**  Again, your Honor, yes.  I went over this

25  in Spanish with him and I explained it to him in a fashion

1    which I know he does understand what it states.

2              **THE COURT:**  All right.  And, Mr. Pineda, let me ask

3    you about the addendum.  Do you have any questions or concerns

4    about it?

5              **THE DEFENDANT:**  No.

6              **THE COURT:**  All right, then I'll now ask Mr. Hurst if

7    he would summarize the plea agreement in this case.

8              **MR. HURST:**  Yes, your Honor.  The plea agreement is a

9    six-page document.  It's been signed and dated by all parties

10   on page six, and submitted to the Court.  In summary, that plea

11   agreement states the Defendant does agree to enter a plea of

12   guilty to Count Eleven of the indictment, in violation of Title

13   21, United States Code, Section 841(a)(1), manufacture and

14   possession with intent to manufacture or distribute a

15   controlled substance.  He acknowledges his constitutional

16   rights and the sentence that may be imposed.  He understands

17   restitution could be ordered.  He understands that he'll have

18   to pay an assessment.  This agreement, your Honor, is pursuant

19   to Federal Rule of Criminal Procedure 11(c)(1)(C).  In

20   paragraph four, the parties agree that the following

21   stipulations yield the appropriate sentence in this case:  (a)

22   the Defendant will be sentenced to a term of imprisonment for

23   70 to 98 months; the Defendant will pay the mandatory special

24   assessment of $100; and the Court will determine and impose any

25   fine, community service, or term of supervised release deemed

1    appropriate.  The parties understand that the Court may decline

2    to accept this agreement.  If this Court does not accept the

3    agreement, the Defendant will be given the opportunity to

4    withdraw from the plea.

5              In paragraph five, the Defendant and Government,

6    defense counsel, acknowledge that by pleading guilty to this

7    crime, it could affect his Immigration status in this country,

8    and that he wants to plead guilty regardless of any Immigration

9    consequences that the plea may entail, even if the consequence

10   is automatic removal from the United States.

11             In paragraph six, the United States Attorney for the

12   Eastern District of Texas agrees not to prosecute the Defendant

13   for any additional non-tax-related charges based on the conduct

14   underlying and related to the Defendant's plea of guilty.

15   After sentencing, the Government will move to dismiss the

16   remaining criminal charges against this Defendant.

17             The Defendant understands the consequences of a

18   violation of this agreement.  It is a voluntary plea that he

19   freely and voluntarily has entered into and is not the result

20   of force, threats, or promises, other than those set forth in

21   this agreement.

22             In paragraph nine, he waives his right to appeal the

23   conviction, sentence, fine, order of restitution, order of

24   forfeiture in this case on all grounds.  The Defendant agrees

25   not to contest the conviction, sentence, fine, order of

1   restitution, in any post-conviction proceedings including, but

2   not limited to, a proceeding under Title 28, United States

3   Code, Section 2255.  The Defendant, however, does reserve the

4   right to appeal the failure of the Court after accepting this

5   agreement to impose a sentence in accordance with the terms of

6   this agreement, and he also reserves the right to appeal or

7   seek collateral review of a claim of ineffective assistance of

8   counsel.  The Defendant has been represented by counsel.  He's

9   been provided discovery in this case and decided after

10  reviewing the case with counsel that it's in his best interest

11  to enter this plea agreement.  This plea agreement consists of

12  this document and the sealed agreement.  It does not bind any

13  other Federal or State or local prosecuting authority.  And we

14  have filed the original with the Court today.  That is the

15  summary of the plea agreement, your Honor.

16          **THE COURT:**  All right, thank you.  Mr. Pineda, let me

17  ask you about the plea agreement.  Are those the terms of your

18  plea agreement with the Government?

19          **THE DEFENDANT:**  Yes.

20          **THE COURT:**  Is there anything in the agreement that

21  you do not understand?

22          **THE DEFENDANT:**  No, I understood everything.

23          **THE COURT:**  Has anyone made any other promise to you,

24  other than what is in the plea agreement, in exchange for your

25  plea?

1          **THE DEFENDANT:**  No.

2          **THE COURT:**  Has anyone attempted to force you to

3    plead guilty?

4          **THE DEFENDANT:**  No.

5          **THE COURT:**  Are you pleading guilty because you are

6    in fact guilty?

7          **THE DEFENDANT:**  Yes.

8          **THE COURT:**  And, Mr. Morin, you mentioned this

9    earlier, but you have fully and completely discussed each term

10   of the plea agreement with the Defendant.

11         **MR. MORIN:**  Yes, your Honor.  I met with him at the

12   county jail and we went over every paragraph.  And I read this

13   to him in Spanish and then I explained it to him in a way that

14   I feel very comfortable and I know that he understand what's in

15   every paragraph.

16         **THE COURT:**  All right.  And now, Mr. Pineda, I'm

17   going to ask you some questions now about paragraph four of the

18   plea agreement because these deal with sentencing.  And first

19   of all, I'm going to ask you if you understand that your

20   agreement with the Government is pursuant to Federal Rule

21   11(c)(1)(C).

22         **THE DEFENDANT:**  Yes.

23         **THE COURT:**  And do you understand that you and the

24   Government have agreed that the appropriate sentence here will

25   be a term of imprisonment for 70 to 98 months, you will pay a

1  special assessment of $100, and the Court will determine and

2  impose any fine, community service, or term of supervised

3  release deemed appropriate?

4          **THE DEFENDANT:**  Yes.

5          **THE COURT:**  And do you understand also that paragraph

6  four states that the Court may decline to accept this agreement

7  that I just outlined for you?

8          **THE DEFENDANT:**  Yes.

9          **THE COURT:**  And do you understand that if the Court

10  does not accept the agreement, you will have the opportunity to

11  withdraw from the plea?

12          **THE DEFENDANT:**  Yes.

13          **THE COURT:**  And do you also understand that if the

14  Court does not accept the agreement and you decide to not

15  withdraw your plea, the sentence the Court imposes may be less

16  favorable to you than what is in the plea agreement?

17          **THE DEFENDANT:**  Yes.

18          **THE COURT:**  All right, Mr. Pineda, any questions or

19  concerns you have about paragraph four or sentencing in this

20  case?

21          **THE DEFENDANT:**  No.

22          **THE COURT:**  All right, I'm going to ask you now,

23  Mr. Pineda, about the rights you have but you give up by

24  pleading guilty.  Now, do you understand you have the right to

25  plead not guilty and to go to trial on that plea?

1          **THE DEFENDANT:**  I'm sorry, you're asking whether I

2    want to go to trial?

3          **THE COURT:**  Well, I'm asking you, Mr. Pineda, if you

4    understand you have the right to plead not guilty and to go to

5    trial.

6          **THE DEFENDANT:**  Oh, yes, yes, yes.

7          **THE COURT:**  So pleading guilty is not the only

8    option.  The second option is you could go to trial.  And you

9    do realize you have that option.

10         **THE DEFENDANT:**  Yes.

11         **THE COURT:**  All right, if you persist in your desire

12   to plead guilty, Mr. Pineda, you are waiving the following

13   rights:  You have a right under the Constitution and the laws

14   of the United States to a full trial on the merits before a

15   jury.  You'll be presumed to be innocent.  And the Government

16   would have to affirmatively prove all of the elements of the

17   charged offense beyond a reasonable doubt.  At trial, you enjoy

18   the right to be assisted by your attorney, the right to testify

19   on your behalf, if you desired, the right not to be compelled

20   to testify if you did not want to, the right to compulsory

21   process to compel the attendance of witnesses on your behalf,

22   the right to cross examine Government witnesses, and the right

23   to a speedy and public trial.  Now, do you understand by

24   pleading guilty, you are waiving and losing these rights

25   guaranteed under the Constitution and laws of the United

1    States?

2              **THE DEFENDANT:**  Yes.

3              **THE COURT:**  All right, Mr. Pineda, I'm going to go

4    over now another paragraph with you in the plea agreement.  And

5    I do this because it's very important in that it deals with

6    your appellate rights.  It's paragraph nine, titled:  "Waiver

7    of right to appeal or otherwise challenge sentence."  And I

8    want to confirm with you that you understand you have agreed to

9    waive your right to appeal the conviction, sentence, fine,

10   order of restitution, order of forfeiture in this case on all

11   grounds.

12             **THE DEFENDANT:**  Yes.

13             **THE COURT:**  Do you also understand you have agreed

14   you will not contest those same things in any post-conviction

15   proceeding including, but not limited to, a proceeding under 28

16   USC, Section 2255?

17             **THE DEFENDANT:**  Uh-huh.

18             **THE COURT:**  And, finally, do you understand you've

19   reserved the right to appeal only two issues:  if there were a

20   failure of the Court after accepting this agreement to impose a

21   sentence in accordance with the terms of this agreement, or a

22   claim of ineffective assistance of counsel, which you've also

23   reserved the right to seek collateral review of that issue?

24             **THE DEFENDANT:**  Yes.

25             **THE COURT:**  All right then.  Again, Mr. Morin, just

1   for the record, I think you've covered this with me already,

2   but you have informed the Defendant fully of the consequences

3   of his plea of guilty.

4             **MR. MORIN:**  I have, your Honor.

5             **THE COURT:**  And having done that, informed him of the

6   consequences, do you believe he understands what he is doing

7   and is acting voluntarily today?

8             **MR. MORIN:**  I do, your Honor.

9             **THE COURT:**  All right, before I can accept any plea

10  of guilty, it is necessary for the elements of the offense to

11  be established and that there be facts in the case establishing

12  each element.  So I would ask Mr. Hurst if he would read the

13  elements of this offense and establish a factual basis for the

14  taking of the plea.

15            **MR. HURST:**  Yes, your Honor.  To establish that the

16  Defendant is guilty of manufacture and possession with intent

17  to manufacture and distribute 100 or more marijuana plants,

18  Government must prove the following beyond a reasonable doubt:

19  first, that the Defendant knowingly manufactured a controlled

20  substance; second, that the substance was in fact marijuana;

21  and, third, that the quantity of the substance was at least 100

22  marijuana plants.  In the alternative, these are the

23  alternative elements, or that the Defendant knowingly possessed

24  a controlled substance, that the substance was in fact

25  marijuana, that the Defendant possessed the substance with the

1    intent to manufacture or distribute it.  And, fourth, that the

2    quantity of the substance was at least 100 marijuana plants.

3    We have provided that via the electronic filing system of the

4    Court and also to defense counsel.

5             Mr. Pineda, you are the same Hugo Pineda named in

6    Count Eleven of the indictment; is that correct?

7             **THE DEFENDANT:**  Yes.

8             **MR. HURST:**  And you've been over the facts and

9    circumstances of this case with your lawyer; is that correct?

10            **THE DEFENDANT:**  Yes.

11            **MR. HURST:**  And he's gone over with you a two-page

12   document I think that's before you right now; is that correct?

13            **THE DEFENDANT:**  Yes.

14            **MR. HURST:**  And in that document, you acknowledge

15   that you were in the Eastern District of Texas back in October

16   of 2016; is that correct?

17            **THE DEFENDANT:**  Yes.

18            **MR. HURST:**  And that you participated in the growing

19   of over 100 or more marijuana plants.

20            **THE DEFENDANT:**  Yes.

21            **MR. HURST:**  There's some other facts in that -- in

22   those paragraphs.  Is everything in that factual basis true and

23   correct?

24            **THE DEFENDANT:**  Yes.

25            **MR. HURST:**  Your Honor, I believe that does establish

1    a sufficient basis for a factual basis for the plea.  And we

2    would move the factual basis into evidence at this time.

3            **MR. MORIN:**  No objection, your Honor.

4            **THE COURT:**  All right, thank you.  The factual basis

5    will be admitted.  Mr. Pineda, let me ask you.  Mr. Hurst read

6    the elements of this offense.  And I want to ask you if you

7    understand each of those elements.

8            **THE DEFENDANT:**  Yes.

9            **THE COURT:**  Do you also understand that these are the

10   matters the Government is required to prove beyond a reasonable

11   doubt in order to convict you of this offense?

12           **THE DEFENDANT:**  Yes.

13           **THE COURT:**  All right, I turn now to the factual

14   basis which has been presented to me.  I've reviewed and

15   considered it.  I've also considered your answers to

16   Mr. Hurst's questions.  Now, Mr. Pineda, about this factual

17   basis, is everything in it true and correct?

18           **THE DEFENDANT:**  Yes.

19           **THE COURT:**  And did you go over it with Mr. Morin?

20           **THE DEFENDANT:**  Yes.

21           **THE COURT:**  And did he translate it for you into

22   Spanish?

23           **THE DEFENDANT:**  Yes.

24           **THE COURT:**  Now, Mr. Pineda, do you understand that

25   by admitting that you engaged in this conduct that's submitted

1    to me today in this factual basis, and also in what you

2    answered to Mr. Hurst, you are admitting the charge against you

3    in Count Eleven of the indictment and waiving any defenses you

4    might have to that charge?

5              **THE DEFENDANT:**  Yes.

6              **THE COURT:**  And do you also understand by admitting

7    that you engaged in this conduct, this conduct is going to be

8    evaluated in calculating your appropriate sentence?

9              **THE DEFENDANT:**  Yes.

10             **THE COURT:**  All right, Mr. Pineda, do you feel that

11   you've understood everything that's gone on here today?

12             **THE DEFENDANT:**  Yes.

13             **THE COURT:**  All right, before I ask how you plead, do

14   you have any questions or need to talk to your attorney about

15   anything?

16             **THE DEFENDANT:**  No, it's all good.

17             **THE COURT:**  All right, Mr. Pineda, how do you plead

18   to Count Eleven of the indictment?

19             **THE DEFENDANT:**  Guilty.

20             **THE COURT:**  The Court finds the Defendant is

21   competent and capable of entering an informed plea.  I further

22   find that the Defendant's plea of guilty is knowingly and

23   voluntarily made and is supported by an independent basis of

24   fact contained in each of the essential elements of this

25   offense.  Therefore, I will recommend that your plea be

1  accepted and that you be judged guilty of this offense.  A

2  finding of fact and recommendation will be sent to the district

3  judge recommending that he accept my findings and your plea of

4  guilty.  A written Presentence Report will be prepared by the

5  probation office to assist the judge in sentencing.  You will

6  be asked to give information for the report, and your attorney

7  may be present if you wish.  The Court will permit you and your

8  counsel to read the Presentence Report before the sentencing

9  hearing and to make objections if you deem necessary.  You and

10  your attorney will be afforded the opportunity to address the

11  Court at the sentencing hearing.

12         All right, anything further from the Government at

13  this time?

14         **MR. HURST:**  No, your Honor, thank you.

15         **THE COURT:**  Anything further from the Defendant?

16         **MR. MORIN:**  Nothing, your Honor.

17         **THE COURT:**  All right, thank you.  The Defendant is

18  remanded at this time to the custody of the United States

19  Marshals.  We are adjourned.

20         **THE MARSHAL:**  All rise.

21     **(This proceeding was adjourned at 2:33 p.m.)**

22

23

24

25

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


_____                    March 12, 2018
            Signed                                  Dated



*TONI HUDSON, TRANSCRIBER*